# EXHIBIT 5

FILED
2024 SEPT 20 PM 1:50
PA DEPARTMENT OF
BANKING AND SECURITIES

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF BANKING AND SECURITIES**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** : <br> **DEPARTMENT OF BANKING AND** : <br> **SECURITIES, COMPLIANCE OFFICE** : <br>     v.                             : <br> **TITLEMAX OF DELAWARE, INC.**       : <br> **TITLEMAX OF OHIO, INC.**          : <br> **TITLEMAX OF VIRGINIA, INC.**      : <br> **TITLEMAX OF SOUTH CAROLINA, INC.** : <br> **TITLEMAX FUNDING, INC.**          : <br> **TMX FINANCE LLC**                 : <br> **TMX FINANCE CORPORATE SERVICES, INC.** : <br> **CCFI COMPANIES, LLC AND ALL**     : <br> **SUCCESSORS OR PREDECESSORS IN**   : <br> **INTEREST, AFFILIATES, SUBSIDIARIES, OR** : <br> **PARENT COMPANIES, HOWEVER NAMED** : | **Docket No. 240032 (BNK-OSC)** |

## MEMORANDUM AND ORDER DENYING MOTION TO STAY PROCEEDINGS

**NOW**, **September 20, 2024,** the motion to stay filed by Respondents, which is opposed, is hereby **DENIED**.

Although Respondents raise in their newly filed federal court litigation an issue of personal jurisdiction over the non-Pennsylvania entities in *this* forum before the Secretary of Banking, *Commonwealth v. Auto Equity Loans of Del., LLC*, 2022 Pa. Commw. Unpub. LEXIS 109, at *10-11 (Pa. Cmwlth. Mar. 30, 2022), found personal jurisdiction in a case with identical facts involving an out-of-state car title lender. It relied on a long litany of United States and Pennsylvania Supreme Court cases to do so.

In addition, as applied constitutional claims, such as those here, which Respondents assert concern the Commerce Clause and the Due Process Clause, are required to be raised before the agency in the first instance. *HIKO Energy, LLC v. Pa. PUC*, 209 A.3d 246, 262 (Pa. 2019).

While Respondents correctly point out that they have multiple lawsuits pending in federal court, those suits were not filed until *after* the Department began to aggressively pursue this matter and, thus, this appears to be more of a delaying tactic than an attempt at conserving judicial or quasi-judicial resources. Indeed, if resource conservation is an issue, why not stay the **six** federal cases and let the single state case proceed? Moreover, in addition to the view expressed in *Equity Loans*, and the numerous cases that opinion relies on, which weakens their jurisdiction argument, from a convenience standpoint, much of the litigation against non-Pennsylvania Respondents would not require them to visit the state. Depositions can be conducted by video, for example. In sum the undersigned concludes that, while *in theory*, Respondents *could* be subjected to jurisdiction improperly, it is unlikely that would be the outcome. Therefore, denial of the stay is appropriate.

An answer to the Rule to Show Cause, shall be filed and served **on or before October 14, 2024.**

                                                **BY ORDER:**

                                                 /s/Debra Sue Rand
                                                 Debra Sue Rand
                                                 Chief Hearing Examiner

**For the Department:**     Alexander T. Korn, Esquire
17 North 2nd Street, Suite 1300
Harrisburg, PA  17101
alekorn@pa.gov

**For Community Choice Financial
Family of Brands**

Attn:  Legal Department
15 Bull Street, Suite 200
Savannah, GA  31401

**For Respondents:**

Ashley L. Taylor, Esquire
Michael S. Lowe, Esquire
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
28th and Arch Streets
Philadelphia, PA  19103
Ashley.Taylor@troutman.com
Michael.lowe@troutman.com

**Agency Docket Clerk:**     Linnea Freeberg
PA Department of Banking and Securities
17 North Second Street, Suite 1300
Harrisburg, PA 17010

**Mailing date:  9/24/24**
**Emailed:  9/20/24**